

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **SHALANDA WHITE,** | ) | **Docket No.  2021-08-1065** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FEDERAL EXPRESS CORP.,** | ) | **State File No. 2571-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **INDEMNITY INSURANCE** | ) | **Judge Shaterra R. Marion** |
| **COMPANY OF NORTH AMERICA,** | ) | |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER DENYING BENEFITS

---

The Court held a Compensation Hearing on July 16, 2024, on Ms. White's entitlement to medical, temporary, and permanent disability benefits. Ms. White argued that she gave proper notice of her causally-related bilateral knee injury and that she suffered permanent impairment. Federal Express argued that she did neither. The Court holds that she did not give proper notice and denies the requested benefits.

### History of Claim

Ms. White claimed that she repetitively injured both knees over the course of her 16-year employment with Federal Express. She stated her job duties required repetitive climbing, standing, crawling, pushing, and pulling.

On October 20, 2020, Ms. White had a telemedicine visit with Dr. Lyle Bohlman and complained of knee pain and swelling. She reported swelling in her knee for three days, which started while exercising. Dr. Bohlman noted that she also had right-knee pain when she got off work with a swollen knee since the day before.

On November 2, she felt "burning" and "heaviness" in her knees after stepping down from machinery at work. She said she took a couple of steps and could not move, requiring a coworker to help her into a Federal Express car.

Ms. White told her manager, Londell Owens, that her knees hurt and asked to leave, but Mr. Owens did not allow her. Ms. White admitted that she did not tell Mr. Owens that her knee pain was caused by work at that time.

Ms. White had another telemedicine visit with Dr. Bohlman on November 2, in which he noted "when she goes to work [her knee pain] reoccurs." Then, on November 9, Dr. Bohlman detailed Ms. White's cumulative issues of "start up pain," and pain with stair climbing, squatting, and kneeling. Dr. Bohlman ordered x-rays, which showed degenerative arthritis. He also explained "this is not a systemic disease and is typically related to overuse and just advanced age."

Ms. White sought additional treatment at an orthopedic clinic, where an MRI was ordered. She received MRI results of her right knee on December 14. Four days later, she sent an email titled "Notification of Injury" to Mr. Owens, which she said constituted "official notification" of her injury. In the email, she reported an approximate injury date of November 2, 2020, and claimed her injuries happened on the job through cumulative trauma and repetitive motion.

During the hearing, Ms. White initially testified she told Mr. Owens of her injury before her MRI, sometime in late November or December. According to Ms. White, Mr. Owens told her to wait for the results before submitting a workers' compensation claim. She later testified that she waited to give notice of her knee injuries until she received the MRI results.

## Findings of Fact and Conclusions of Law

Ms. White has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). She must show by a preponderance of the evidence that she is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

In the case of gradual or cumulative trauma, Ms. White must give written notice of her injury to her employer within 15 days of when she knows or reasonably should have known that she suffered a work-related injury, or when she is unable to continue to perform her work activities as a result of the work-related injury. Tenn. Code Ann. § 50-6-201(b) (2023).

In a cumulative hearing loss injury case, the Appeals Board found that the injured worker reasonably should have known that her hearing loss was permanent and caused by her work after discussing her injury with a doctor, and not when she met with an attorney

a year later. *Ernstes v. Printpack, Inc.*, 2023 TN Wrk. Comp. App. Bd. LEXIS 25 (June 6, 2023).

The Court finds that Ms. White knew or should have known she suffered a work-related injury earlier than December 14. On October 20, Ms. White had problems with her knees after she got off work. On November 2, she felt burning and heaviness in her knees after stepping down from machinery at work. That same day, she told her doctor that her knee pain reoccurs at work. A week later, on November 9, the doctor ordered x-rays and told her that her symptoms were related to overuse and aging. Thus, as of November 9, Ms. White knew or should have known that she suffered cumulative trauma to her knees due to overuse at work.

In *Ernstes*, the Appeals Board instructed that trial courts evaluating the issue of notice should consider the following:

> A.   Did the employee provide timely written notice of the alleged work-related injury?
> B.  If no timely written notice was provided, did the employer have "actual knowledge" of the alleged work-related accident or injury?
> C.  If no timely written notice was provided and no actual knowledge has been proven, did the employee show a "reasonable excuse" for the failure to give proper notice to the employer?
> D.  If the court determines that: (1) no timely written notice was provided; (2) the employer did not have actual knowledge of the alleged accident or injury; and (3) the employee did not prove a reasonable excuse for the failure to give timely notice, the claim should be denied and dismissed.

*Id.* at *34-35.

Addressing Ms. White's claim, she did not give timely written notice within 15 days of her November 9 telemedicine visit. Instead, she provided written notice on December 18, 24 days after the expiration of the statutory 15-day limit of when she knew or should have known of her work injury.

The next question is whether Federal Express had actual knowledge of the alleged work-related injury. Although Ms. White told her supervisor of her knee pain on November 2, she admits she did not tell him it was work related at that time. Additionally, because Ms. White is uncertain when she verbally told her supervisor it was work related, the preponderance of the evidence does not support a finding that Federal Express had actual notice.

The final question is whether Ms. White provided a reasonable excuse for her failure to give timely notice. She did not. Ms. White stated she waited until receiving the MRI

results before reporting her injury. However, her x-rays had already revealed she had significant degenerative arthritis, and her doctor had already informed her that overuse was a cause.

The Court holds that Ms. White provided untimely notice of her bilateral knee injuries, and therefore, the Court does not need to address whether her knee injuries are causally related to her employment or resulted in permanent impairment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. White's request for medical and disability benefits is denied for untimely notice.

2. The Court taxes the $150.00 filing fee to Federal Express, to be paid to the Court Clerk within five business days of this order becoming final, and for which execution might issue if necessary.

3. Federal Express shall prepare and submit to the Court Clerk a Statistical Data Form (SD2) within 10 business days of this order becoming final.

4. Unless appealed, this order shall become final 30 days after issuance.

**ENTERED July 24, 2024.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Deposition of Dr. Rommel Childress with Attached Exhibits
2. Deposition of Dr. Jeffrey Dlabach with Attached Exhibits
3. Email dated December 18, 2020, from Ms. White to Londell Owens
4. Stipulation of the Parties as to Credit Owed Employer
5. Description of Job Duties Created by Ms. White

**CERTIFICATE OF SERVICE**

I certify that a copy of the order was sent as shown on July 24, 2024.

| Name | Email | Service sent to: |
|---|---|---|
| Christopher Taylor, Employee's Attorney | X | ctaylor@taylortoon.com |
| Stephen P. Miller, Employer's Attorney | X | smiller@mckuhn.com mdoherty@mckuhn.com |

_____
**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*